

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00248-CV

**IN RE NORTH EAST INDEPENDENT SCHOOL DISTRICT**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  May 22, 2013

PETITION FOR WRIT OF MANDAMUS DENIED

On April 19, 2013, Relator North East Independent School District ("NEISD") filed a petition for writ of mandamus. On March 12, 2013, the trial court granted a protective order regarding the oral deposition of Real Party in Interest and Plaintiff Alejandra Campista. The order required the deposition of Campista to be taken at her attorney's office instead of at NEISD's attorney's office as the deposition had been noticed. NEISD contends the trial court erred in granting the protective order in the absence of evidence showing the noticed location would cause Campista to suffer "undue burden, unnecessary expense, harassment, annoyance, or invasion of personal, constitutional, or property rights." *See* TEX. R. CIV. P. 192.6(b)(3).

---

[1] This proceeding arises out of Cause No. 2012-CI-17627, *Alejandra Campista v. North East Independent School District*, pending in the 37th Judicial Court, Bexar County, Texas, the Honorable Michael Mery presiding. However, the record indicates the Honorable Laura Salinas, presiding judge of the 166th Judicial District Court, Bexar County, Texas presided over the hearing, but the order complained of was signed by the Honorable Solomon J. Casseb III, presiding judge of the 288th Judicial District Court, Bexar County, Texas.

However, in order for a relator to be entitled to mandamus relief, it must establish both the trial court abused its discretion and it lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 125 (Tex. 2004) (orig. proceeding). As a general rule, mandamus relief is not available to correct an incidental trial court ruling when there is an adequate remedy by appeal. *In re Entergy Corp.*, 142 S.W.3d 316, 320 (Tex. 2004) (orig. proceeding). "Mandamus review of incidental, interlocutory rulings by the trial courts unduly interferes with trial court proceedings, distracts appellate court attention to issues that are unimportant both to the ultimate disposition of the case at hand and to the uniform development of the law, and adds unproductively to the expense and delay of civil litigation." *In re Prudential*, 148 S.W.3d at 136. On the other hand, "[m]andamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *Id.*

The Supreme Court has consistently maintained that "[a]voiding interlocutory appellate review of errors that, in the final analysis, will prove to be harmless, is one of the principal reasons that mandamus should be restricted." *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992) (orig. proceeding); *see also In re AIU Ins. Co.*, 148 S.W.3d 109, 118 (Tex. 2004). Relator has failed to establish this is more than an incidental trial court ruling that warrants mandamus relief. Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM